STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
ELAINE A. WAGGONER, RESPONDENT.

689 N.W.2d 316

Filed December 3, 2004.   No. S-04-958.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Elaine A. Waggoner, was admitted to the practice of law in the State of Nebraska on September 14, 1978, and at all times relevant hereto was engaged in the private practice of law in Lincoln, Nebraska. On August 23, 2004, formal charges were filed against respondent. The formal charges set forth two counts that included charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), and Canon 6,

DR 6-101(A)(3) (neglecting legal matter), as well as her oath of office as an attorney. Neb. Rev. Stat. § 7-104 (Reissue 1997). On September 30, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002). In her conditional admission, respondent, in substance, knowingly admitted the facts essential to support the above formal charges; knowingly did not challenge or contest that she violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as her oath of office as an attorney; and effectively waived all proceedings against her in connection with the formal charges in exchange for a stated form of judgment. The discipline to which respondent has agreed is a formal public reprimand and the imposition of 12 months' probation and monitoring to be ordered consecutively to the 18 months' probation and monitoring previously ordered by this court in *State ex rel. Counsel for Dis. v. Waggoner*, 267 Neb. 583, 675 N.W.2d 686 (2004) (*Waggoner I*). Upon due consideration, the court approves the conditional admission and imposes discipline as outlined *infra*.

## FACTS

In summary, the formal charges allege that during the course of her representation of a client, respondent unduly delayed in completing certain legal matters entrusted to her on behalf of that client. The formal charges further allege that as to a second client, respondent failed to adequately communicate with that client. As noted above, respondent filed a conditional admission in this case on September 30, 2004.

By virtue of this court's order in *Waggoner I* in which we approved a conditional admission, respondent is currently subject to 18 months' probation with monitoring. Although the present case involves clients distinct from those involved in *Waggoner I*, we note that the events in *Waggoner I* and in the present case occurred during the same timeframe and preceded the imposition of discipline in *Waggoner I*. In *Waggoner I*, we publicly reprimanded respondent. In addition to the public reprimand, we ordered that respondent be subject to probation with monitoring for a period of 18 months, subject to the following terms:

"Probation for 18 months with monitoring and costs taxed to respondent. The probation shall include the monitoring of respondent by Kathryn A. Olson.. . . . Kathryn A. Olson shall not be compensated for her monitoring duties; however, she

shall be reimbursed by respondent for actual expenses· incurred. At the conclusion of the term of probation, the monitoring lawyer shall notify the Court of respondent's successful completion thereof.

"During the 18-month probationary period, respondent shall provide the monitor, at least monthly, a list of all cases for which the respondent is then responsible. During each of the first six months, respondent shall personally meet with the monitor to discuss the list of cases for which respondent is then responsible. The monitor shall also assist respondent in developing and implementing appropriate office procedures.

"The names of respondent's clients shall be kept confidential by way of a number assigned to each case. The list of cases shall include the following for each case:

"1. Date attorney-client relationship began.

"2. General type of case (i.e. divorce, adoption, probate, contract, real estate, civil litigation, criminal).

"3. Date of last contact with client.

"4. Last type and date of work completed on file (pleading, correspondence, document preparation, discovery, court hearing).

"5. Next type and date of work that should be completed on case.

"6. Any applicable statute of limitation and its date.

"The monitor shall have the right to contact respondent with any questions the monitor may have regarding the list. If at any time the monitor believes respondent has violated a disciplinary rule, or has failed to comply with the terms of probation, she shall report the same to the Counsel for Discipline."

*Waggoner I,* 267 Neb. at 585, 675 N.W.2d at 688.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of

the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that she violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as her oath of office as an attorney. We further find that respondent waives all proceedings against her in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and DR 6-101(A)(3), as well as her oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. We further order that respondent's probation with monitoring previously ordered in *Waggoner I* and outlined above be continued for a period of 12 months consecutively to the previously ordered 18 months' probation, for a total probationary period of 30 months. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND AND PROBATION.